E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
PETER DAHLQUIST (Cal. Bar No. 285548)
Assistant United States Attorneys
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, CA 92501
     Telephone: (951) 276-6267
     Facsimile: (951) 276-6202
     E-mail:  peter.dahlquist@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 21-178-JGB-3 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT DEJON THOMAS NUNLEY, SR. |
| v. | |
| DEJON THOMAS NUNLEY, SR., | |
| Defendant. | |

1.   This constitutes the plea agreement between Dejon Thomas Nunley, Sr. ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count three of the

indictment in United States v. Taylor, et al., ED CR No. 21-178-JGB, which charges defendant with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

 3. Defendant and the USAO agree that defendant's entry of a guilty plea pursuant to paragraph 2(a) above will be conditional, in that defendant reserves the right, on appeal from the judgment, to seek review of the adverse determination of defendant's (1) Corrected Notice of Motion and Motion to Suppress Evidence, (ECF No. 207), and (2) Notice of Motion to Dismiss Case, (ECF No. 238).  If defendant prevails on appeal, defendant will be allowed to withdraw defendant's guilty plea.

THE USAO'S OBLIGATIONS

 4. The USAO agrees to:

|   |   |   |
|---|---|---|
| 1 | a. | Not contest facts agreed to in this agreement. |
| 2 | b. | Abide by all agreements regarding sentencing contained in this agreement. |
| 4 | c. | At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section. |

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in count three, that is, Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true:

   a. First, the defendant knowingly possessed a firearm or ammunition;

   b. Second, the firearm or ammunition had been shipped or transported from one state to another or between a foreign nation and the United States;

   c. Third, at the time defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year; and

   d. Fourth, at the time defendant possessed the firearm or ammunition, defendant knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States

3

1  Code, Section 922(g)(1), is: 10 years' imprisonment; a 3-year period
2  of supervised release; a fine of $250,000 or twice the gross gain or
3  gross loss resulting from the offense, whichever is greatest; and a
4  mandatory special assessment of $100.
5      7.   Defendant understands that supervised release is a period
6  of time following imprisonment during which defendant will be subject
7  to various restrictions and requirements.  Defendant understands that
8  if defendant violates one or more of the conditions of any supervised
9  release imposed, defendant may be returned to prison for all or part
10 of the term of supervised release authorized by statute for the
11 offense that resulted in the term of supervised release, which could
12 result in defendant serving a total term of imprisonment greater than
13 the statutory maximum stated above.
14     8.   Defendant understands that, by pleading guilty, defendant
15 may be giving up valuable government benefits and valuable civic
16 rights, such as the right to vote, the right to possess a firearm,
17 the right to hold office, and the right to serve on a jury. Defendant
18 understands that he is pleading guilty to a felony and that it is a
19 federal crime for a convicted felon to possess a firearm or
20 ammunition.  Defendant understands that the conviction in this case
21 may also subject defendant to various other collateral consequences,
22 including but not limited to revocation of probation, parole, or
23 supervised release in another case and suspension or revocation of a
24 professional license.  Defendant understands that unanticipated
25 collateral consequences will not serve as grounds to withdraw
26 defendant's guilty plea.
27     9.   Defendant and his counsel have discussed the fact that, and
28 defendant understands that, if defendant is not a United States

citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.  Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On February 17, 2021, in Ontario, California, defendant knowingly possessed a firearm and ammunition as a convicted felon. On that day, officers with Ontario Police Department executed a

search warrant at a home in Ontario and at defendant's car following a shooting at the home. Inside the car, officers found:
- a Glock, model 19, 9mm caliber semi-automatic pistol, bearing serial number BGUF874;
- eight rounds of Winchester 9mm caliber ammunition;
- two rounds of Federal 9mm caliber ammunition;
- two rounds of Remington 9mm caliber ammunition;
- one round of Speer 9mm caliber ammunition;
- one round of Cascade Cartridge Inc. 9mm caliber ammunition; and
- one round of Fiocchi Munizioni S.P.A. 9mm caliber ammunition.

The pistol had attached to it a large capacity magazine that could accept more than 15 rounds of ammunition. Defendant knew that those items were in the car, and he had the power and intention to control them. Further, the firearm and ammunition had been manufactured outside the State of California.

Defendant possessed the firearm and ammunition knowing that he had been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of San Bernardino, Case Number FSB1203930, on or about September 17, 2012.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have

any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable sentencing guideline factors:

Base Offense Level:        20    [U.S.S.G. § 2K2.1(a)(4)(B)]

13. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. The USAO specifically reserves, without limitation, the right to seek an adjustment to the offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm or ammunition in connection with another felony offense. The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history. Defendant understands and agrees that defendant's base offense level could be increased if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1. If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, or an appeal on the grounds specifically reserved in paragraph 3 above, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 30 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 24 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12. are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

/s/ PETER DAHLQUIST                           April 29, 2024
PETER DAHLQUIST                               Date
Assistant United States Attorneys

/s/ Dejon Nunley                              04/29/24
DEJON THOMAS NUNLEY, SR.                      Date
Defendant

/s/                                           04/29/24
ANGELA C.C. VIRAMONTES                        Date
Deputy Federal Public Defender
Attorney for Defendant
DEJON THOMAS NUNLEY, SR.


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

13

representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*Dejon Nunley*                                    04/29/24

DEJON THOMAS NUNLEY, SR.                          Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Dejon Thomas Nunley, Sr.'s, attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

///

///

1  forth in this agreement is sufficient to support my client's entry of
2  a guilty plea pursuant to this agreement.

3  _____        04/29/24
                                         _____
4  ANGELA C.C. VIRAMONTES                Date
   Deputy Federal Public Defender
5  Attorney for Defendant
   DEJON THOMAS NUNLEY, SR.